# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JERRELL HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 C 5222 |
| | ) | |
| THOMAS J. DART, GERALD MOORE, | ) | |
| BRENT S. O'HEARN, PATRICK FITZPATRICK, | ) | Judge Thomas M. Durkin |
| SCOTT KNEFEL, GENO MUSKAT, | ) | |
| JACEK BRYLEWSKI, NURSE OBULI, and | ) | |
| COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerrell Harris, who is represented by recruited volunteer counsel, brings this 42 U.S.C. § 1983 action against defendants Sheriff Thomas J. Dart, Sergeant Gerald Moore, Nurse Obuli, Officers Brent O'Hearn, Patrick Fitzpatrick, Scott Knefel, Geno Muskat and Jacek Brylewski, and the County of Cook (collectively, "Defendants"). Defendants moved to dismiss Harris's claims under Federal Rule of Civil Procedure 12(b)(6). R. 36. This Court subsequently dismissed Harris's vicarious liability claim against Cook County and any official capacity *Monell* claims, but ordered supplemental briefing on whether the complaint properly alleged a constitutional violation. R. 62. Harris concedes in his supplemental brief that the operative complaint does not do so, but requests leave to file a Fifth Amended Complaint in order to cure the defects. R. 77. For the following reasons, Defendant's

motion to dismiss is granted in its entirety and Harris is denied leave to file a Fifth Amended Complaint.

## Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background[1]

Harris was an inmate at Cook County Jail in maximum security segregation because of overcrowding when Nurse Obuli announced medication time would be at 6:00 p.m. in the dayroom. R. ¶¶ 2, 16, 25-27. Because only two inmates are permitted in the dayroom at a time, Sergeant Moore directed Officers Knefel, Fitzpatrick, O'Hearn, Muskat, and Brylewski to lock Harris in a janitor's closet, where he remained for 15 minutes. *Id.* ¶¶ 27-28. Before doing so, Knefel told Harris "This is how we treat savages," and Fitzpatrick said "This is how we treat animals." *Id.* ¶¶ 15, 28. Harris repeatedly yelled "Let me out," and complained to Knefel that it was hot and he was having difficulty breathing. *Id.* ¶ 29. Eventually, Harris lost consciousness, hitting his head and injuring his lower back. *Id.* ¶¶ 30-33. When he regained consciousness, Officers Knefel and Fitzpatrick roughly pulled him to his feet and he was made to walk a short distance to the infirmary. *Id.* ¶¶ 28-30, 34-35, 41. Nurse Obuli gave Harris ten Tylenol or Advil pills for his headache and back pain, but refused to set up an appointment with the staff doctor. *Id.* ¶¶ 20, 40, 42. According to Harris, he sustained a bump on his head that remained for at least four days, experienced headaches for a week, and continues to experience lower back pain on occasion. *Id.* ¶¶ 43-44.

---

[1] Additional background facts—including this case's somewhat complicated procedural history—can be found in the Court's January 6, 2020 memorandum opinion and order granting in part Defendants' motion to dismiss, and ordering the supplemental briefing that is the subject of this opinion.

Defendants argue that Harris's constitutional claim should be dismissed because: 1) placing a pretrial detainee in administrative segregation for non-punitive reasons does not amount to a constitutional violation; and 2) placing Harris in the janitor's closet was rationally related to the permissible goal of promoting safety and security. R. 70 at 2. Harris concedes that he has failed to allege a constitutional violation, but seeks leave to amend his complaint a fifth time to add certain new allegations. Harris contends that those new allegations would include: 1) that just before Nurse Obuli's medication announcement, he and another inmate had been shackled to an anchored location in the shower area; and 2) whereas the other inmate was returned to and re-anchored in the shower area, he was locked in the janitor's closet. R. 77 at 2. Harris argues that these allegations are sufficient to state a claim because: 1) placing a pretrial detainee in segregation for punitive reasons is a constitutional violation; and 2) placing him in the janitor's closet (instead of returning him to the shower) was not rationally related to the legitimate governmental goal of promoting safety and security in the jail, and instead must have been because he was viewed as "a savage." R. 77 at 2. Because Harris concedes that the operative complaint fails to state a claim, the Court analyzes only whether the addition of Harris's new allegations would suffice to save his case.

**Analysis**

**I. Due Process**

Harris contends that being placed in the janitor's closet for 15 minutes was an unconstitutional punitive action for which he was denied due process. Generally, a

4

detainee in pretrial confinement may not suffer any form of punishment for the crime for which he is charged. *Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999). But a pretrial detainee may be punished for misconduct that occurs while confined if provided due process of law. *Id.* at 1003. Prison officials also may take administrative measures that are "reasonably related" to the goals of maintaining institutional security and order (among others), even if those measures are "discomforting." *Id.* at 1002-03 (7th Cir. 1999) (citing *Bell v. Wolfish,* 441 U.S. 520, 535, 540 n.23 (1979)). A particular measure is punitive as opposed to administrative or managerial when: 1) there is a showing of express intent to punish on the part of detention facility officials; 2) the restriction or condition imposed is not rationally related to a legitimate non-punitive government purpose; or 3) the restriction is excessive in light of the legitimate non-punitive government purpose. *Id.* at 1005 (citing *Bell*, 441 U.S. at 538).

According to his own allegations, Harris was placed in the janitor's closet to avoid violating the dayroom policy—i.e., for a managerial (not punitive) purpose. But Harris's new allegations also suggest that Defendants were motivated by punitive purposes. That is, because he was shackled in the closet rather than shower—a location he perceived as preferable—and called a "savage." The Court in no way condones such language. But even assuming the difference in treatment can properly be characterized as punitive, and setting aside for the moment the fact that Harris by his own allegations was already in maximum security segregation anyhow, Harris's 15-minute confinement was too brief to implicate a constitutional wrong. *Kordecki v. Nobles*, 16 F.3d 1225 (7th Cir. 1993) (holding that isolation for 4 hours

5

was "not punishment sufficiently grave to implicate due process concerns") (citing *Hause v. Vaught,* 993 F.2d 1079, 1086 (4th Cir.1993)); *see also Hawkins v. Poole*, 779 F.2d 1267, 1269 (7th Cir. 1985) (noting that there is a "*de minimus*" level of punishment "with which the constitution is not concerned"). Accordingly, Harris's proposed amendment would not cure the deficiencies in Harris's complaint, and his due process claim fails.[2]

## II. Deliberate Indifference

As noted in the initial opinion on Defendants' motion, Harris's allegations bear some of the hallmarks of a deliberate indifference claim, either with respect to his having been confined in the closet, or Defendants' failure to provide certain medical care. Harris's supplemental brief alleges no new facts to support or otherwise suggest that he intends to proceed with either such claim. To constitute deliberate indifference: (1) the alleged condition, viewed objectively, must be sufficiently serious; and (2) the defendant must act with subjective deliberate indifference toward the condition. *Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 1997). As to any claim regarding his conditions of confinement, Harris's allegations fail as a matter of law, being neither extreme nor lengthy. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Extreme deprivations are required to make out a conditions-of-confinement

---

[2] Harris's brief cites the Seventh Circuit's decisions in *Rapier v. Harris*, 172 F.3d 999 (7th Cir. 1999) and *Hawkins v. Poole*, 779 F.2d 1267 (7th Cir. 1985). But neither case helps him here. Indeed, *Rapier* affirmed summary judgment for the defendants on qualified immunity grounds. And the *Hawkins* court specifically questioned whether the detainee's 4-day segregation was of more than the *de minimus* level with which the constitution is concerned.

claim."). And any claim about his medical treatment also fails; Harris received immediate medical care, and his complaints largely resolved within a matter of days. *See Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) ("[e]ven objective recklessness—failing to act in the face of an ostensibly high risk that is so obvious that it *should* have been known—is insufficient."). Thus, Harris's allegations are legally insufficient to allege deliberate indifference.

## Conclusion

At bottom, although the conduct alleged seems harsh, it simply does not amount to a constitutional violation. Accordingly, Defendants' motion to dismiss is granted, R. 36, and Harris is denied leave to further amend his complaint. Civil case terminated.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: April 30, 2020